## MASON v. ERVINE and others.[1]

*(Circuit Court, E. D. Louisiana. December 10, 1885.)*

1. ADMIRALTY—PRACTICE—APPEAL—BOND—PARTIES.
   Where the motion and order for appeal were not taken against any of the numerous libelants by name, and where no bond was given in favor of any other than one of the libelants, the appeal can only hold as to him, and must be dismissed as to the others.

2. SAME—AMENDMENT OF PROCESS.
   On appeal from district to circuit court, defective process cannot be cured by amendment.

3. SAME—DISMISSAL.
   *The City of Lincoln,* 19 Fed. Rep. 430, followed.

On Motion to Dismiss Appeal.

*O. B. Sansum,* for libelant and appellant.

*J. R. Beckwith,* for defendants and appellees.

PARDEE, J. This case seems to be similar in all respects to the case of *Kelly v. The City of Lincoln,* decided by this court at the last term, and reported in 19 Fed. Rep. 460. In the *Kelly Case* an appeal was well taken against Kelly, but not against the other libelants. Here an appeal is well taken against John Ervine, but not against any of the other respondents. In the *Kelly Case* the appeal was dismissed as to all, Kelly included, because as against Kelly the amount in controversy was less than $50. In the instant case it does not as yet appear whether the case is one that is appealable against Ervine alone. If it is, the appeal can stand as to him; if not, it can hereafter be dismissed. There is no authority for the court to allow by amendment new parties to be brought into the case on appeal. None of the parties respondent in the district court, except Ervine, are parties to the appeal, and no bond taken at this late day ought to be permitted to bring them in.

The motion to dismiss must be granted for all the respondents, except Ervine, and it is so ordered.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.